## STATE v BEDDOW

Ohio Appeals, 5th Dist, Perry Co

Decided March 10, 1939

T. B. Williams, prosecuting attorney, New Lexington, for State of Ohio.

462

· Jos. L. Meenan, New Lexington, for defendant-appellant.

## OPINION

By SHERICK, PJ.

Rose Beddow was charged by affidavit, filed in the Juvenile Court, with having contributed to the delinquency of a minor female, under §§1639-39 and 1639-45, GC. Upon arraignment, defendant entered a plea of not guilty. Thereupon, appellant in writing waived a trial by jury, and refused legal counsel and asked for an immediate hearing, which was accorded her. She was found guilty as charged and sentenced to the Ohio Reformatory for women for the term of one year and that she pay the costs of prosecution, and that she be therein confined until the term of her confinement expires and until said costs are paid, or secured to be paid, or until otherwise legally discharged.

From this judgment defendant has perfected an appeal on a question of law directly to this court. It is maintained that inasmuch as §1639-48, GC, is amendatory of §1639-45, insofar as it provides that a convicted female may be "confined to the woman's reformatory at Marysville for the same term for which said female could be committed to the workhouse or jail" that these sections are unconstitutional because they conflict with the 5th and 14th Amendment to the Federal Constitution and Sec. 10 of Art. 1 of the state constitution. It is reasoned that such is sound because of these assumed truths: First, it is insisted that the woman's reformatory is a penitentiary. It is correctly pointed out that females incarcerated for commission of felonies are there confined. Second, this institution being a penitentiary, it automatically follows that the offense of contributing to the delinquency of a minor by a female of eighteen or more years of age is a felony, because of the provisions of §12372, GC, which reads: "Offenses which may be punishable by death or by imprisonment in the penitentiary are felonies; all other crimes are misdemeanors." Third, inasmuch as the defendant was accused of a felony, she was improperly charged, assigned, tried, convicted and sentenced because of the command of **Art. 1, Sec. 10** of the state constitution, which requires that "no person shall be held to answer for a capital or otherwise infamous crime unless on presentment or indictment of a grand jury." Fourth, as a conclusion, from the three legal assumptions, it is urged that women over 18 years of age are subjected to severer punishment and are discriminated against, denied due process of law and are not accorded the equal protection of the law.

A consideration of the 5th amendment to Federal Constitution may be quickly elided from the picture by remark that this provision of the Bill of Rights has long been held to be an exclusive restriction on Federal power and not a limitation on state authority. This interpretation is found reiterated in **Stockum v State, 106 Oh St 249.**

In the same case, the court had occasion to construe §12372, GC in conjunction with §1654, GC, now repealed, which was the predecessor of present §1639-45, which became effective September 19, 1937.

There is no appreciable difference in the penalty prescribed in these two sections. The court therein held that the offense therein charged was a misdemeanor. There being no change in the statute as re-enacted the same conclusion must be reached.

Two further Supreme Court cases decided prior to the present Juvenile Court act, **In re Fenwick, 110 Oh St 350,** and **In re Brady, 116 Oh St 512,** com-

pletely refute every argument advanced by the appellant.

In the first named case, it is said:

"The fact that the state provides a separate institution for the imprisonment of women, and that those convicted of both _elonies and misdemeanors are confined therein, does not render the law so provided unconstitutional, the same being a place of imprisonment for all female offenders (of certain age). The action of the Legislature in so doing was highly praiseworthy and humane, and the purpose was to keep the unfortunate women charged with a criminal offense from having to be incarcerated in the same institution with the male offenders. So long as the same punishment for the same offense is meted out to both alike we can see no depriviation of equal application of law."

Sec. 1639-45, GC, says, "Whoever * * * contributes towards the delinquency * * * of a child * * * shall be fined not less than five dollars, nor more than one thousand dollars or imprisoned not less than ten days nor more than one year, or both." Clearly it is provided that male and ·female offenders are subjected to the same minimum and maximum penalties. The difference only is in their places of confinement. §1639-48, GC, applies with equal exactness to all females over the age of eighteen years. Girls under that age are confined elsewhere. As said by the court in Peoples ex rel Duntz v Coon, 67—Hun.—523, 22 N. Y. S., 865, (870), "The power of the Legislature to prescribe different places of detention and different periods of confinement for criminals of different ages committing the same crime has been too long exercised to be now questioned." The same is equally true where it is a matter of difference in sex.

In In re Brady, supra, page 522, ·it is remarked:

"In view of the fact that a male offender violating §1654, GC, might .have been sent to a workhouse or jail for a period of one year, and a female offender violating the same section is equally liable to be confined in the reformatory for women for a like period of one year, insofar as the maximum of the statute is concerned we can not concede that there is a difference in the penalty imposed upon the man or the woman in question. We think that, so long as both the man and the woman may not be imprisoned for a longer or lessor period than that fixed by the statute, there is no discrimination in classification."

Upon the reason and precedent of the authorities quoted the judgment is affirmed.

LEMERT and MONTGOMERY, JJ, concur.